## IN THE UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OMAR AMEEN,**<br>Golden State Annex<br>611 Frontage Road<br>McFarland, CA 93250<br><br>    **Plaintiff,**<br><br>    v.<br><br>**U.S. DEPARTMENT OF STATE,**<br>600 19th Street, NW, Suite 5.600<br>Washington, D.C. 20522<br><br>**FEDERAL BUREAU OF INVESTIGATION,**<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20535<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br>950 Pennsylvania Ave NW<br>Washington, D.C. 20530<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

1. Plaintiff OMAR AMEEN brings this Freedom of Information Act suit to force Defendants U.S. DEPARTMENT OF STATE, FEDERAL BUREAU OF INVESTIGATION, and U.S. DEPARTMENT OF JUSTICE to produce various records regarding himself and the U.S. government's efforts to extradite him to the Republic of Iraq.

## **PARTIES**

2. Plaintiff OMAR AMEEN made the FOIA requests at issue in this case through his counsel, Office of the Federal Defender for the Eastern District of California.

3. Defendant U.S. DEPARTMENT OF STATE ("STATE DEPARTMENT") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant FEDERAL BUREAU OF INVESTIGATION ("FBI") is a federal agency, a component of DOJ, and subject to the Freedom of Information Act, 5 U.S.C. § 552.

5. Defendant U.S. DEPARTMENT OF JUSTICE ("DOJ") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

6. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## BACKGROUND

8. Omar Ameen is a Sacramento community member and Iraqi refugee.

9. Ameen's story has been the subject of numerous media reports. *See* Ben Taub, *The Fight to Save an Innocent Refugee from Almost Certain Death,* The New Yorker, (Jan. 20, 2020), https://www.newyorker.com/magazine/2020/01/27/the-fight-to-save-an-innocent-refugee-from-almost-certain-death; David Manoucheri, *Timeline: The Case of the US v. Omar Ameen,* KCRA News 3 (Apr. 23, 2021), https://www.kcra.com/article/timeline-the-case-of-the-us-vs-omar-ameen-isis-defense-iraq-extradition-1619033920/36190793.

10. Ameen left Iraq for Turkey in early 2012 on a tourist visa and applied for refugee status with the United Nations.

11. In 2014, with the help of the U.N., Ameen resettled in the United States, eventually settling in Sacramento in 2016.

12. On August 15, 2018, the Joint Terrorism Task Force of the United States government arrested Ameen at his home.

13. The government asserted that Ameen murdered an Iraqi police officer in Rawah, Iraq in June of 2014 and that Ameen is an ISIS commander and sought his immediate extradition to Iraq.

14. Over the next two years and eight months, Ameen and his defense team provided evidence in Ameen's extradition case to show Ameen was in Turkey as a refugee on the day of the murder and that there is simply no way that Ameen could have done what the U.S. government accused him of doing.

15. On April 21, 2021, Judge Edmund Brennan declined to extradite Ameen. *In the Matter of the Extradition of Omar Abdulsatar Ameen to the Republic of Iraq,* No. 2:18-mj-152 EFB, 2021 WL 1564520 (E.D. Cal. Apr. 21, 2021).

16. Judge Brennan found that Ameen's defense met the nearly impossible legal standard of "obliterating probable cause."

17. Further, Judge Brennan found the government's key witnesses, that placed Ameen at the crime scene and alleged Ameen as an ISIS leader, to be unreliable.

18. As Judge Brennan wrote of the prosecution's case: "this series of events is simply not plausible."

19. On the afternoon that Ameen was set to be released, U.S. Immigration and Customs Enforcement took him into custody for allegedly defrauding the government by lying about his alleged terrorist connections. Ameen now faces deportation proceedings.

**JANUARY 14, 2019 FOIA REQUEST TO STATE DEPARTMENT**

20. On January 14, 2019, AMEEN, through his counsel, submitted a FOIA request to STATE DEPARTMENT for "any and all records in the possession of U.S. Department of State regarding Mr. Ameen." AMEEN submitted various forms that authorize the release of documents pertaining to himself. Exhibit 1.

21. On May 9, 2019, STATE DEPARTMENT acknowledged receipt of the request and assigned reference number F-2019-03151 to the matter. Exhibit 2.

22. On September 23, 2019, AMEEN sought a status update of the request. Exhibit 3 at 5.

23. On October 4, 2019, STATE DEPARTMENT claimed that the estimated date of completion of the request is "July 22, 2022." *Id.* at 3.

24. On October 4, 2019, AMEEN sought expedited processing of the request. *Id.* at 2.

25. On April 1, 2021, STATE DEPARTMENT denied the request for expedited processing. Exhibit 4.

26. On April 1, 2021, AMEEN appealed the denial of expedited processing. Exhibit 5.

27. On April 8, 2021, STATE DEPARTMENT determined that the request "does warrant expedited processing" and informed AMEEN that the request is now in the "expedited" queue. Exhibit 6.

28. On May 6, 2021, AMEEN requested an estimated date of completion for the request. Exhibit 7 at 1.

29. On May 18, 2021, STATE DEPARTMENT stated that the request is "in process and has a December 23, 2021 estimated date of completion." *Id.* at 3.

30. As of the date of this filing, STATE DEPARTMENT has not issued a determination and has not produced any records.

**FEBRUARY 20, 2019 FOIA REQUEST TO FBI**

31. On February 20, 2019, AMEEN, through his counsel, submitted a FOIA request to FBI for "[a]ll releasable records relating to Omar Abdulsattar Ameen, FBI #760029XD5." AMEEN's counsel provided AMEEN's social security number, Iraqi passport number, California

drivers license number, and date of birth along with a records release form signed by AMEEN. Exhibit 8.

32. AMEEN sought expedited processing of the request. *Id.*

33. On February 27, 2019, FBI acknowledged receipt of the request and assigned reference number 1429636-000 to the matter. Exhibit 9.

34. On February 28, 2019, FBI granted expedited processing of the request. Exhibit 10.

35. Over the next two years, AMEEN utilized the FBI's FOIA portal to check the status of his request, which continued to state that the FBI's "FOIPA Program is searching the FBI's indices for potentially responsive documents." Exhibit 11.

36. Having received no further correspondence from FBI, AMEEN requested an estimated date of completion of the request on May 6, 2021, but FBI never responded. Exhibit 12.

37. As of the date of this filing, FBI has not issued a determination and has not produced any records. Nor has FBI complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated date of completion when requested.

**AUGUST 26, 2019 FOIA REQUEST TO DOJ**

38. On August 26, 2019, AMEEN, though his counsel, submitted a FOIA request to DOJ for documents "held by the Department of Justice, Criminal Division, Office of International Affairs, regarding the extradition of Omar Abdulsattar Ameen, from the Republic of Iraq." AMEEN specifically requested "all communications between any staff of the Office of International Affairs and any component of the Republic of Iraq regarding Mr. Ameen's charge or charges in the Republic of Iraq, the Republic of Iraq's request for extradition, the response of the Department of Justice to that request, potential charges against Mr. Ameen in the United States,

Mr. Ameen's refugee status or other immigration status, and the actions taken by the Department of Justice in support of extradition." AMEEN also requested "records and logs of all such communications." AMEEN submitted a privacy waiver with the request. Exhibit 13.

39. AMEEN sought expedited processing of the request. *Id.*

40. On September 23, 2019, DOJ acknowledged receipt of the request, assigned reference number CRM-300796232 to the matter, sought an extension of ten business days due to "unusual circumstances" per 5 U.S.C. § 552(a)(6)(B)(i)-(iii), and denied the request for expedited processing. Exhibit 14.

41. On September 23, 2019, AMEEN appealed the denial of expedited processing. Exhibit 15.

42. On October 2, 2019, DOJ granted expedited processing of the request. Exhibit 16.

43. On November 5, 2019, AMEEN sought assistance from Office of Government Information Services ("OGIS") as he had not received any response from DOJ regarding CRM-300796232. Exhibit 17 at 1.

44. On December 4, 2019, OGIS relayed that DOJ is willing to work with AMEEN to prioritize search and processing of certain documents if he is looking for specific records. *Id.* at 2-3.

45. Over the next few weeks, AMEEN corresponded with DOJ to prioritize search and processing of the records responsive to the request. Exhibit 18 at 2.

46. On February 18, 2020, AMEEN sought a status update of the request. Exhibit 19 at 3.

47. On March 26, 2020, DOJ stated that it identified two categories of records: 1) court records that are publicly available; and 2) "likely responsive materials in classified emails and classified servers." Regarding the second category of records, DOJ claimed that it had not initiated

the search yet because it requires "more layers of review." DOJ asked whether AMEEN is interested in both categories of the records. Exhibit 19 at 2.

48. On March 26, 2020, AMEEN narrowed the scope of the request by excluding the first category of the records. AMEEN confirmed that he is still interested in the second category of records in classified emails and servers. Exhibit 19 at 2.

49. On March 27, 2020, DOJ stated that the "[r]eview of the remaining material continues" and anticipates issuing its "first interim response in the next 30 days." Exhibit 19 at 1.

50. On May 28, 2020, DOJ issued an interim response. DOJ identified "thirty-seven pages of responsive records which originated with the Department of State and eighty-one pages which originated with the Federal Bureau of Investigation." Exhibit 20.

51. DOJ stated that in accordance with 28 C.F.R. § 16.4(d) (2019), it referred those materials to the appropriate agencies for processing and direct response to AMEEN. *Id.*

52. In the May 28, 2020 interim response letter, DOJ stated that the request is the "subject of ongoing litigation," which DOJ later stated that such classification was an error. Exhibit 21.

53. On July 2, 2020, FBI withheld the entirety of the eighty-one pages that originated from the FBI and are responsive to CRM-300796232 by citing Exemption 7A. Exhibit 22.

54. AMEEN followed up with STATE DEPARTMENT for the thirty-seven pages of responsive records which originated with STATE DEPARTMENT and are responsive to CRM-300796232 on multiple occasions since May 29, 2020. Exhibit 23.

55. Each time, STATE DEPARTMENT stated that it "could not locate a referral (37 pages) from DOJ's Criminal Division regarding the subject request" and reached out to "DOJ to inquire about this referral." *Id.*

56. On April 20, 2021, DOJ informed AMEEN that the search for responsive records is "pending." DOJ also stated that it takes "301 days" on average to process a complex request. According to DOJ, AMEEN's request has been pending for "403 business days." In that letter, DOJ refers to two FOIA requests, which are both at issue in this case. Exhibit 24.

57. Having received no further correspondence from DOJ, AMEEN requested an estimated date of completion of the request on May 6, 2021, and May 14, 2021, but DOJ never responded. Exhibit 25.

58. As of the date of this filing, DOJ has not issued a determination and has not produced any records. Nor has DOJ complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated date of completion when requested.

**SEPTEMBER 23, 2019 FOIA REQUEST TO STATE DEPARTMENT**

59. On September 23, 2019, AMEEN, through his counsel, submitted a FOIA request to STATE DEPARTMENT for "[d]ocuments held by the Department of State regarding the extradition of Omar Abdulsattar Ameen, from the Republic of Iraq." AMEEN specifically requested "all communications between any staff of the Department of State and any component of the Republic of Iraq regarding Mr. Ameen's charge or charges in the Republic of Iraq, the Republic of Iraq's request for extradition, the response of the Department of State to that request, potential charges against Mr. Ameen in the United States, Mr. Ameen's refugee status or other immigration status, and the actions taken by the Department of State in support of extradition." AMEEN also requested "records and logs of all such communications." AMEEN submitted a privacy waiver with the request. Exhibit 26.

60. AMEEN sought expedited processing of the request. *Id.*

61. On November 13, 2019, STATE DEPARTMENT acknowledged receipt of the request, assigned reference number F-2019-09725 to the matter, sought an extension "beyond ten

additional days provided by the statute" due to "unusual circumstances" per 5 U.S.C. § 552(a)(6)(B)(i)-(iii), and denied expediting processing of the request.  Exhibit 27.

62. On November 13, 2019, AMEEN appealed the denial of expedited processing. Exhibit 28.

63. On November 15, 2019, STATE DEPARTMENT granted expedited processing of the request.  Exhibit 29.

64. Having received no further correspondence from STATE DEPARTMENT, AMEEN requested an estimated date of completion of the request on May 6, 2021.  Exhibit 30.

65. On May 7, 2021, STATE DEPARTMENT acknowledged receipt of the inquiry, and stated it will "follow-up" as soon as possible "to provide a response," but it never provided an estimated date of completion of the request. *Id.*

66. As of the date of this filing, STATE DEPARTMENT has not issued a determination and has not produced any records.  Nor has STATE DEPARTMENT complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated date of completion when requested.

## JANUARY 26, 2020 FOIA REQUEST TO DOJ

67. On January 26, 2020, AMEEN, through his counsel, submitted the following FOIA request to DOJ:

> Documents held by the Department of Justice in any division, but especially the Criminal Division, especially the Office of International Affairs, regarding the attached correspondence (Exh. A) – a letter to DOJ, CRM, OIA, received from the Republic of Turkey on or about May 17, 2019, regarding a letter rogatory sent by the District Court of the Eastern District of California (via my office) to the Turkish Ministry of Justice, General Directorate of International Law and Foreign Relations. The letter rogatory is at Exhibit A, pages 2-10 attached to the Turkish correspondence. The Turkish correspondence to DOJ, CRM, OIA, bears what appears to be two handwritten, internal DOJ CRM tracking numbers: CRM 182-69187, and CRM 182-67189. At Exhibit B is an English translation of the Turkish letter. In requesting such documents, I specifically request all communications between any staff of the Department of Justice and the any component of the Republic of Turkey, the Republic of Iraq, and/or the Department of State, or any

other entity, regarding the May 17, 2019 letter from the Republic of Turkey, date stamps or other notations placed on that letter or any envelope received, a full copy of the letter, the envelope, and any attachments, logs regarding such letter, internal emails regarding the letter, and how the letter was processed at the DOJ. I also request records and logs of all such communications and processing.

AMEEN submitted a privacy waiver with the request. Exhibit 31.

68. On February 11, 2020, DOJ acknowledged receipt of the request, assigned reference number CRM-300836232, sought an extension of ten business days due to "unusual circumstances" per 5 U.S.C. § 552(a)(6)(B)(i)-(iii), and granted expedited processing. Exhibit 32.

69. On April 20, 2021, DOJ informed AMEEN that the search for responsive records is "pending." DOJ also stated that it takes "301 days" on average to process a complex request. According to DOJ, AMEEN's request has been pending for "303 business days." In that letter, DOJ refers to two FOIA requests, which are both at issue in this case. Exhibit 24.

70. Having received no further correspondence from DOJ, AMEEN requested an estimated date of completion of the request on May 6, 2021, and May 14, 2021, but DOJ never responded. Exhibit 33.

71. As of the date of this filing, DOJ has not issued a determination and has not produced any records. Nor has DOJ complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated date of completion when requested.

**COUNT I – JANUARY 14, 2019 FOIA REQUEST TO STATE DEPARTMENT, STATE DEPARTMENT'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION OR PRODUCE RECORDS**

72. The above paragraphs are incorporated herein.

73. The request seeks disclosure of agency records and was properly made.

74. STATE DEPARTMENT is a federal agency and subject to FOIA.

75. The requested records are not exempt under FOIA.

76. STATE DEPARTMENT has violated FOIA by failing to produce the records responsive to the request as soon as practicable or issuing a determination within twenty business days.

### COUNT II – FEBRUARY 20, 2019 FOIA REQUEST TO FBI, FBI'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION OR PRODUCE RECORDS

77. The above paragraphs are incorporated herein.

78. The request seeks disclosure of agency records and was properly made.

79. FBI is a component of DOJ and subject to FOIA.

80. The requested records are not exempt under FOIA.

81. FBI has violated FOIA by failing to produce the records responsive to the request as soon as practicable or issuing a determination within twenty business days.

### COUNT III – AUGUST 26, 2019 FOIA REQUEST TO DOJ, DOJ'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION OR PRODUCE RECORDS

82. The above paragraphs are incorporated herein.

83. The request seeks disclosure of agency records and was properly made.

84. DOJ is a federal agency and subject to FOIA.

85. The requested records are not exempt under FOIA.

86. DOJ has violated FOIA by failing to produce the records responsive to the request as soon as practicable or issuing a determination within twenty business days.

### COUNT IV – SEPTEMBER 23, 2019 FOIA REQUEST TO STATE DEPARTMENT, STATE DEPARTMENT'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION OR PRODUCE RECORDS

87. The above paragraphs are incorporated herein.

88. The request seeks disclosure of agency records and was properly made.

89. STATE DEPARTMENT is a federal agency and subject to FOIA.

90. The requested records are not exempt under FOIA.

91. STATE DEPARTMENT has violated FOIA by failing to produce the records responsive to the request as soon as practicable or issuing a determination within twenty business days.

### COUNT V – JANUARY 26, 2020 FOIA REQUEST TO DOJ, DOJ'S FOIA VIOLATION: FAIULRE TO ISSUE A DETERMINATION OR PRODUCE RECORDS

92. The above paragraphs are incorporated herein.

93. The request seeks disclosure of agency records and was properly made.

94. DOJ is a federal agency and subject to FOIA.

95. The requested records are not exempt under FOIA.

96. DOJ has violated FOIA by failing to produce the records responsive to the request as soon as practicable or issuing a determination within twenty business days.

**WHEREFORE**, AMEEN asks the Court to:

   i. declare that Defendants have violated FOIA;

   ii. order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

   iii. enjoin Defendants from withholding non-exempt public records under FOIA;

   iv. award AMEEN attorneys' fees and costs; and

   v. award such other relief the Court considers appropriate.

Dated: May 21, 2021

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorney for Plaintiff
OMAR AMEEN

Matthew Topic, D.C. Bar No. IL 0037
Joshua Burday, D.C. Bar No. IL 0042
Merrick Wayne, D.C. Bar No. IL 0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com