UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OMAR AMEEN,

                Plaintiff,

                v.

UNITED STATES DEPARTMENT OF
STATE, *et al.*,

                Defendants.

Civil Action No. 21-1399 (BAH)

Chief Judge Beryl A. Howell

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendants United States Department of State ("State Department"), Federal Bureau of Investigation ("FBI"), and United States Department of Justice ("DOJ") motion to dismiss plaintiff Omar Ameen's lawsuit for lack of subject-matter jurisdiction.  Defs.' Mot. Dismiss ("Defs.' Mot."), ECF No. 11.  Plaintiff was previously represented by the Office of the Federal Defender for the Eastern District of California in an extradition case, and plaintiff's then-counsel made five requests under the Freedom of Information Act ("FOIA") seeking to compel defendants to produce records for use in that litigation.  Compl. ¶¶ 2, 15, ECF No. 1.  Plaintiff prevailed in his extradition case, *id.* ¶ 15, but now faces deportation proceedings, *id.* ¶ 19.  Plaintiff brought this FOIA suit seeking the documents requested by his then-counsel in connection with the earlier extradition matter. Compl. at 12 ("Pl.'s Request for Relief").  Defendants contend that plaintiff's claims should be dismissed for lack of subject-matter jurisdiction because the underlying document requests were made by plaintiff's attorney and did not sufficiently make clear that they were made on plaintiff's behalf.  Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") at 1, ECF No. 11-1.  For the following reasons, defendants' motion is denied.

1

I.       BACKGROUND

Plaintiff is an Iraqi refugee residing in Sacramento, California.  Compl. ¶¶ 8–9.  Plaintiff

"left Iraq for Turkey in early 2012," *id.* ¶ 10, and, after applying for refugee status with the

United Nations, arrived in the United States in 2014, *id.* ¶¶ 10–11.  He was arrested in August of

2018, however, on charges that he "murdered an Iraqi police officer in [Iraq] in June of 2014[,]"

*id.* ¶ 12, and the government "sought his immediate extradition to Iraq," *id.* ¶ 13.  After two

years of extradition proceedings, the presiding judge ultimately "declined to extradite" plaintiff,

*id.* ¶ 15, because the government's key witnesses were "unreliable," *id.* ¶ 17 and the "series of

events [was] simply not plausible," *id.* ¶ 18.  On the same day that plaintiff was scheduled for

release, "U.S. Immigration and Customs Enforcement took [plaintiff] into custody for allegedly

defrauding the government by lying about his alleged terrorist connections[,]" and plaintiff "now

faces deportation proceedings."  *Id.* ¶ 19.

The Office of the Federal Defender for the Eastern District of California represented

plaintiff in his extradition proceedings and made five separate FOIA requests to the defendant

agencies seeking various records from the respective agencies regarding plaintiff and the

extradition case, in which plaintiff was a defendant.  Specifically, in 2019, plaintiff's counsel

submitted two requests to the State Department, *id.* ¶¶ 20, 59, one to the FBI, *id.* ¶ 31, and one to

DOJ, *id.* ¶ 38.  In January of 2020, plaintiff's counsel submitted an additional FOIA request to

DOJ.  *Id.* ¶ 67.  Each request mentioned plaintiff by name, stated that the Federal Defender's

office represented plaintiff in the extradition case for which the documents were sought, and

indicated that the documents were requested in relation to that representation.  *See* Compl., Ex. 1,

Jan. 14, 2019 FOIA Req. to State Dep't ("First State Dep't Req.") at 1, ECF No. 1–1; *id.*, Ex. 8,

Feb. 20, 2019 FOIA Req. to FBI ("FBI Req.") at 2, ECF No. 1-1; *id.*, Ex. 13, Aug. 26, 2019

FOIA Req. to DOJ ("First DOJ Req."), ECF No. 1-2; *id*, Ex. 26, Sept. 23, 2019 FOIA Req. to

State Dep't ("Second State Dep't Req."), ECF No. 1-3; *id.*, Ex. 31, Jan. 26, 2020 FOIA Req. to

DOJ ("Second DOJ Req."), ECF No. 1-4.  Each request included either a privacy waiver or

series of disclosure authorizations signed by plaintiff.  *See* Pl.'s Opp'n Defs.' Mot. Dismiss

("Pl.'s Opp'n") at 2, ECF No. 12.

Plaintiff filed his complaint on May 21, 2021.  *See* Compl.  Plaintiff alleges that, for each

of the five requests, defendants violated FOIA by "failing to produce the records responsive to

the request as soon as practicable or issu[e] a determination within twenty business days."  *Id.*

¶¶ 76, 81, 86, 91, 96.  Accordingly, plaintiff asks the Court to order defendants "to conduct a

reasonable search for records and to produce the requested records promptly[,]" as well as

"enjoin [d]efendants from withholding non-exempt public records under FOIA[.]"  Pl.'s Request

for Relief.  Defendants moved to dismiss the case, pursuant to Federal Rule of Civil Procedure

12(b)(1), for lack of subject-matter jurisdiction, Defs.' Mot. at 1, which motion is now ripe for

resolution, *see* Pl.'s Opp'n; Defs.' Reply Supp. Mot. Dismiss ("Defs.' Reply"), ECF No. 13.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "have only the power that is

authorized by Article III of the Constitution and the statutes enacted by Congress pursuant

thereto." *Johnson v. Comm'n on Presidential Debates*, 869 F.3d 976, 980 (D.C. Cir. 2017)

(quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  To survive a

motion to dismiss under Rule 12(b)(1) the plaintiff thus "bears the burden of invoking the court's

subject matter jurisdiction, including establishing the elements of standing." *Arpaio v. Obama*,

797 F.3d 11, 19 (D.C. Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

(1992)).  Even when the parties fail to address a potential jurisdictional defect "by inattention or

deliberate choice," because federal courts are "forbidden . . . from acting beyond [their] authority," *NetworkIP, LLC v. F.C.C.*, 548 F.3d 116, 120 (D.C. Cir. 2008), it is incumbent on courts to "assure [them]selves of the existence of jurisdiction," *Montrois v. United States*, 916 F.3d 1056, 1060 (D.C. Cir. 2019).

When a jurisdictional dispute "present[s] a dispute over the factual basis of the court's subject matter jurisdiction . . . the court must go beyond the pleadings and resolve" any dispute necessary to the disposition of the motion to dismiss. *Feldman v. F.D.I.C.*, 879 F.3d 347, 351 (D.C. Cir. 2018) (alteration and omission in original) (quoting *Phoenix Consulting v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000)). In such situations, the "court may properly consider allegations in the complaint and evidentiary material in the record," affording the plaintiff "the benefit of all reasonable inferences." *Id.* (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Am. Freedom Law Ctr. v. Obama*, 821 F.3d 44, 49 (D.C. Cir. 2016) (noting that, "[i]n considering a motion to dismiss for lack of subject matter jurisdiction" courts "'may consider materials outside the pleadings'" (quoting *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005))). Absent "evidentiary offering[s]," *Feldman*, 879 F.3d at 351, however, the Court must seek jurisdictional assurance by accepting as true all undisputed "factual allegations in the complaint and constru[ing] the complaint liberally," and again "granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks and citation omitted).

III.    DISCUSSION

Article III requires that plaintiffs establish "the irreducible constitutional minimum of standing," *Lujan*, 504 U.S. at 560, that they have "(1) suffered an injury in fact, (2) that is fairly

traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision," *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)); *see also Louie v. Dickson*, 964 F.3d 50, 54 (D.C. Cir. 2020).

FOIA provides that "each agency, upon any request for records" that is sufficiently specific and made in accordance with published procedures for submitting such requests, "shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  An agency's duties under FOIA are triggered by a properly framed request for information, and the agency's obligations flowing from that request are with respect to "the requester" of the information.  *See id.* § 552(a)(6)(A)(i) (requiring agency to notify "the person making [the] request" whether the agency will comply with the request).

"[A]nyone whose request for specific information has been denied has standing to bring an action [under FOIA]."  *Maloney v. Murphy*, 984 F.3d 50, 60 (D.C. Cir. 2020) (quoting *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006)).  An individual whose FOIA request has been denied "has suffered a particularized injury because he has requested and been denied information Congress gave him a right to receive."  *Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017).  At the same time, however, "if a party has not made a request within the meaning of FOIA, then he does not have standing to bring a lawsuit."  *Wetzel v. U.S. Dep't of Veterans Affs.*, 949 F. Supp. 2d 198, 202 (D.D.C. 2013) (citing *McDonnell v. United States*, 4 F.3d 1227, 1236–39 (3d Cir. 1993); *Feinman v. FBI*, 680 F. Supp. 2d 169, 172 (D.D.C. 2010)).

Defendants contend that plaintiff has not suffered an injury-in-fact because the Federal Defender's staff—plaintiff's counsel in his extradition proceeding—made the FOIA requests at

issue, rather than the plaintiff himself. *See* Defs.' Mem. at 8.  Defendants concede that a lawyer

may make a request on behalf of a client, but argue that this is not the case here because the

requests did not state that counsel was representing plaintiff *for the purpose* of obtaining

documents under FOIA, nor did the requests "clearly state" they were issued on plaintiff's

behalf.  *Id.*  Plaintiff responds that the language in the requests as well as the government's

statements "sufficiently show that the requests were made on behalf of [plaintiff]."  Pl.'s Opp'n

at 1.

Defendants' motion to dismiss hinges on the following question: what must be included

in a FOIA request brought by an attorney acting in that capacity to establish that the attorney's

client is the "requester" for purposes of FOIA and therefore that the client has standing to bring a

FOIA claim?  The rule commonly applied in this District provides that "an attorney may make a

FOIA request on behalf of a client[,] [b]ut the attorney 'must clearly indicate that it is being

made on behalf of the [client] to give that [client] standing to bring a FOIA challenge.'"

*Smallwood v. U.S. Dep't of Just.*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017) (alterations in

original) (quoting *Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1, 2

(D.D.C. 2005)); *accord McDonnell*, 4 F.3d at 1238 n.6 (finding that a "passing reference to [the

plaintiff did] not sufficiently identify him with the person making the request to confer on him

standing to challenge the denial of the request under the FOIA" and noting in particular that

the"[plaintiff's] name appears only once in the flurry of requests for information").

Although the D.C. Circuit "has never specifically articulated the requirements for filing a

FOIA request on behalf of another," *Three Forks Ranch Corp.*, 358 F. Supp. 3d at 3, the caselaw

in this area helps inform where a line may be drawn to distinguish between cases in which a

plaintiff has standing from those where the plaintiff does not.  For example, in *Smallwood*, the

defendant agency moved to dismiss a FOIA lawsuit alleging a lack of standing because the plaintiff's attorney filed the original FOIA request and both "identified the attorney as the 'Requester'" and "did not include any reference to a client generally, or to [the plaintiff] specifically." 266 F. Supp. 3d at 218–19 (citations omitted). The Court agreed and stated that "[t]he FOIA request at issue . . . clearly indicates that [plaintiff's] attorney is the requester" in part because the "Request Description" portion of the request "d[id] not indicate that the request was made on behalf of any client, let alone [the plaintiff]," nor did the plaintiff's name "appear anywhere in the request." *Id.* at 221. In so holding, *Smallwood* distinguished *Brown v. EPA*, 384 F. Supp. 2d 271 (D.D.C. 2005), in which the defendant agencies moved to dismiss a FOIA suit on standing grounds because the plaintiff's attorney in that case made the request, rather than the plaintiff herself. *Smallwood*, 266 F. Supp. 3d at 220 (citing *Brown*, 384 F. Supp. 2d 271). In *Brown*, the court denied defendants motion to dismiss because the attorney "stated in the first line of his request" that he represented the plaintiff and was hired to obtain documents pursuant to FOIA, and because the "second page of the request contain[ed] a signed and dated authorization from plaintiff stating that she" authorized her attorney to obtain documents on her behalf. *Brown*, 384 F. Supp. 2d at 276.

Defendants cite *Wetzel v. United States Department of Veterans Affairs*, 949 F. Supp. 2d 198 (D.D.C. 2013), for the principle that a FOIA request made by an attorney must expressly state that it is made on the client's behalf in order for the client to have standing. Defs.' Mem. at 7–8 (citing *Wetzel*, 949 F. Supp. 2d at 202). In *Wetzel*, another Judge on this Court held that the plaintiff did not have standing even though his name was mentioned in the request, along with "some indication of a representational relationship" between the attorney and the plaintiff. 949 F. Supp. 2d at 202. In that case, counsel had submitted an authorization from the plaintiff

when making the FOIA request, *id.* at 200, but without indicating that the purpose of the request was for use in representation of the plaintiff.

Here, the language used in the underlying document requests sufficiently indicated that the FOIA requests were made on behalf of plaintiff. The two State Department requests are particularly clear. The first request made to the State Department clearly states, "Our office represents Omar Ameen in a pending federal extradition case" and refers to plaintiff by name throughout the request. First State Dep't Req. at 1–4. Moreover, the release form attached to the request and signed by plaintiff explicitly states that he is the requestor. First State Dep't Req. at 2 ("I request that the Admissions Office of the Bureau of Population, Refugees, and Migration at the United States Department of State provide my counsel all records that it holds concerning me . . . .").[1] The second request to the State Department similarly indicates that counsel represented Ameen in the extradition case, Second State Dep't Req. at 2, and that the request was made for use in his extradition proceedings, *id.* at 3. As with first request, the release form identifies plaintiff as the requestor. Second State Dep't Req. at 4 ("I request that the Department of State provide my counsel all records that it holds concerning me . . . ."). These two requests, in light of the language of the requests themselves and in the attached releases, *do* explicitly state that they were made on plaintiff's behalf. *See* Pl.'s Opp'n at 3–4.

The additional three requests also "clearly indicate[]," *Smallwood*, 266 F. Supp. 3d at 221, that the requests were made on plaintiff's behalf, albeit with less explicit language. The

---

[1]     Defendants argue that the release form is immaterial because it "had 'been previously provided to the Admissions Office of the Bureau of Population, Refugees, and Migration at the Department of State.'" Defs.' Reply at 3 n.1 (quoting First State Dep't Req. at 1). Defendants do not explain, however, why the fact that the release form was previously provided to the State Department would render it irrelevant to determining whether plaintiff is properly understood as the requestor for the FOIA request to which the form was attached. Defendants also point out that this release form is not cognizable as a separate request. *Id.* (citing *Corley v. Dep't of Just.*, 998 F.3d 981, 989 (D.C. Cir. 2021)). Plaintiff's argument is not that this release form constituted a separate request, but rather that as an attachment to the request, it should be evaluated in determining whether the request, taken in its entirety, "clearly indicates" that the request was made on plaintiff's behalf.

February 20, 2019, request to the FBI indicates that plaintiff "is a legal client of" the Federal

Defender making the request, FBI Req. at 2, and mentions the upcoming extradition hearing as

the reason for expediting the request, *id*.  This request was accompanied by a different release

form, signed by plaintiff, "authoriz[ing] and request[ing]" the disclosure of records to the Office

of the Federal Defender "for use in [plaintiff's] legal proceedings."  Pl.'s Opp'n, Ex. A, Consent

to Release Information, ECF No. 12-1; *see also* Pl.'s Opp'n at 2 (indicating that this release form

was attached to plaintiff's FBI request).  Similarly, the August 26, 2019 FOIA request to DOJ

requested information "regarding the extradition of Omar Abdulsattar Ameen," First DOJ Req. at

1, and indicated that counsel "represent[ed] Mr. Ameen in his . . . extradition case," *id.* at 2.  This

request was also accompanied by the release form signed by plaintiff "authoriz[ing] and

request[ing]" the disclosure of records to the Office of the Federal Defender "for use in

[plaintiff's] legal proceedings."  Consent to Release Information; *see also* Pl.'s Opp'n at 2.  The

second DOJ request, submitted January 26, 2020, contains similar language indicating that

counsel represented plaintiff in the extradition case and was seeking documents in connection

with that representation, and was accompanied by the same release form.  Second DOJ Request

at 3–4, 13.

Plaintiff has standing to bring these FOIA challenges because the requests (1) indicated

that counsel was requesting the documents in connection with and for use in the representation of

plaintiff, and (2) contained release forms signed by plaintiff "authoriz[ing] and request[ing]" the

release of records to counsel.  *See* Consent to Release Information.  These factors "clearly

indicate" that the requests were made "on behalf of a client."  *See Smallwood*, 266 F. Supp. 3d at

220 (internal quotation marks and citation omitted).[2]  Under these circumstances, the requests

---

[2]      Plaintiff relies in part on the fact that a government attorney in his pending deportation proceeding
characterized one of these requests as submitted by plaintiff through counsel.  *See* Pl.'s Opp'n at 3 (citation omitted).

were expressly made within the scope of counsel's representation of plaintiff in the extradition

proceeding, so the requests "clearly indicate" that they were made on behalf of plaintiff.

Moreover, the release forms expressly request the release of records, indicating, in the broader

context of the attorney-client relationship, that plaintiff was not just authorizing the release of

records, but affirmatively requesting their release himself through counsel.  While not as explicit

as the request in *Brown*, 384 F. Supp. 2d at 276–77, the requests go far beyond the one in

*Smallwood*, 266 F. Supp. 3d at 220, in identifying the client and emphasizing centrality of the

attorney-client relationship to the request, as well as by providing release forms signed by the

client requesting documents.

Defendants rely on three features of the requests to argue that plaintiff lacks standing,

highlighting that "(1) the Federal Defender's staff did not mention that they were representing

Plaintiff for purposes of obtaining records under FOIA; (2) none of the FOIA requests submitted

by the Federal Defender's staff were signed by Plaintiff or clearly state that they were made on

Plaintiff's behalf; and (3) the requests were made by the Federal Defendant's staff, frequently

using the first person ('I' or 'we,' after referring to '[o]ur office'), for use in Plaintiff's

extradition proceedings."  Defs.' Reply at 2 (alteration in original).  These objections amount to

an argument that a request must expressly state that the request is made on behalf of the client for

the client to have standing.  Such a statement would certainly be *sufficient* for plaintiff to have

standing—and would leave defendants without a colorable argument that plaintiff lacks

standing—but is not *necessary* for plaintiff to have standing himself.  This Court has looked to

whether the request "clearly indicates" that it was made on behalf of the client, and eschews a

hyper-technical requirement of an "express statement" that this is the case.

---

Defendants are correct that this understanding of a *different* agency in another proceeding is not particularly relevant
in determining who is requesting the documents.  *See* Defs.' Reply at 4–5.

Defendants rely on *Wetzel* for their proposed bright line rule but, as plaintiff persuasively argues, the consent waiver in *Wetzel* authorized disclosure but did not, as the documents here do, request it. *See* 949 F. Supp. 2d at 200; Pl.'s Opp'n at 4. Defendants argue that "[t]he execution of a waiver of privacy interests by a third party submitted with another person's request may be necessary for the release of certain information that would otherwise be withheld pursuant to Exemption 6 or 7(C), but it does not transform that request into one made by the third party." Defs.' Reply at 3. While mere execution of a waiver of privacy interests likely does not itself render the request one of the third party, where, as here, the request was made by plaintiff's counsel and plaintiff's waiver "authoriz[ed] and request[ed]" disclosure of the relevant documents, the waiver attached to the request is relevant and highly probative to the issue of whether the request was made on behalf of the client.

Furthermore, regardless of *Wetzel*, the Court rejects defendants' proposed distinction between (1) cases in which counsel expressly states that counsel represents a client for purposes of the FOIA request and (2) cases in which counsel expressly states that counsel represents a client in another matter and makes the request within the scope of that representation. In either case, the FOIA request is made on behalf of the client, and the client has standing, after the attorney-client relationship with original counsel is over, to enforce FOIA statutory rights if the request is denied.[3]

---

[3]     FOIA requests are transferrable, *see Looks Filmproduktionen GMBH v. CIA*, 199 F. Supp. 3d 153, 160 n.1 (D.D.C. 2016), and FOIA claims are assignable, *see Nat'l Sec. Counselors v. CIA.*, 898 F. Supp. 2d 233, 254 (D.D.C. 2012), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020); *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 141–43 (D.D.C. 2013), *aff'd*, 969 F.3d 406 (D.C. Cir. 2020). Defendants' policy arguments regarding the need to rigidly limit when someone represented by counsel is a "requestor" for purposes of FOIA, *see* Defs.' Reply at 5, fall flat given the assignability of FOIA claims and the fact that the requests were plainly made for plaintiff's benefit by his legal representative. If an agency is uncertain as to the identity of the requestor, it can raise or resolve the issue during communication with the requesting client and counsel so that they are on notice of any issue before litigation. Here, for example, plaintiff's then-counsel inquired with the State Department regarding the status of the FOIA request made "on behalf of" plaintiff. *See* Compl., Ex. 5, April 1, 2021 Letter to State Dep't, ECF No. 1-1.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, plaintiff has standing to pursue the five FOIA claims described

in the Complaint, and defendants' motion to dismiss is denied.

Accordingly, it is hereby

**ORDERED** that defendants' Motion to Dismiss, ECF No. 11, is DENIED, and it is

further

**ORDERED** that defendants shall answer or otherwise respond to plaintiff's complaint by

September 27, 2021.

Date: September 13, 2021

_____

BERYL A. HOWELL
Chief Judge

---

Litigation would be streamlined if any confusion regarding the identity of the requestor were resolved during
communication with the agency, or through pre-litigation assignment.